IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.             ) | Crim. No. 02-163 |
| ) | (Civil Action No. 05-1761) |
| DOUGLAS B. LEUSCHEN    ) | |

**Opinion and Order**

Before the Court is Petitioner Douglas B. Leuschen's Amended Motion to Vacate under 28 U.S.C. 2255 filed at Criminal No. 02-163 (Doc. 104), and assigned Civil Action No. 05-1761.

*Background*

A federal grand jury indicted the defendant with one count of possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The government alleged that Mr. Leuschen was found in possession of six firearms after having been convicted in the Court of Common Pleas of Erie County of the crime of carrying a firearm without a license, which is a crime punishable by imprisonment for a term exceeding one year. Title 18, United States Code Section 922(g)(1), the statute upon which the indictment is based states in relevant part:

> It shall be unlawful for any person
> . . .
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .
>
> ... to possess in or affecting commerce, any firearm or ammunition; . . .

The predicate conviction underlying the violation of section 922(g)(1) occurred in 1989 in Erie County, Pennsylvania. Mr. Leuschen was charged with three separate violations of 18 Pa.C.S.A. § 6106(a), which prohibits the concealed carrying of a firearm without a license, corresponding to three different firearms: a .9mm pistol, a .22 caliber revolver, and a .357 caliber revolver. Following a jury trial he was convicted on one count of a violation of 18 Pa.C.S. § 6106(a) for the .9mm pistol, and was acquitted by the jury on the other two counts. He was sentenced to serve eight months' to five years' incarceration.

Prior to trial the Court held a hearing to address Mr. Leuschen's motion to suppress and motion to dismiss. After hearing evidence and argument we denied the motion to suppress.

In his motion to dismiss Mr. Leuschen argued that there is no federal subject-matter jurisdiction for the prosecution because 18 U.S.C. 922(g) is unconstitutional. In support of his motion he cited Jones v. United States, 120 S.Ct. 1904 (2000), United States v. Morrison, 120 S.Ct. 1740 (2000), and United States v. Lopez, 115 S.Ct. 1624 (1995). We orally denied this motion under the United States Court of Appeals decision in United States v. Singletary, 268 F.3d 196 (3d Cir.2001). Mr. Leuschen acknowledged the precedent of Singletary and explained that he raised the issue in order to preserve it for appeal.

On the date set for a jury trial, Defendant filed a Motion to Dismiss and Memorandum in Support of Defendant's Theories of Defense and Requested Points for Charge on Defenses (Doc. 30). The parties and the court agreed to continue the trial and to permit the Government to file a response to Defendant's motion. Defendant presented two arguments in his motion to dismiss: (1) that his prior conviction could not serve as a basis for conviction under section 922(g)(1); and (2) that he qualifies for the "restoration of civil rights" defense pursuant to section 921(a)(20). In addition to arguing for outright dismissal of the charge against him, Mr. Leuschen argued in the alternative for the court to accept his requested points for charge on the same two issues.

We denied Mr. Leuschen's motion to dismiss the indictment. We declined to review his state court conviction, we found that the only relevant fact was at the time Mr. Leuschen allegedly violated federal firearms law on July 16, 2002 he stood convicted of a crime punishable by imprisonment for a term exceeding one year. We also determined that Mr. Leuschen had not had all of his civil rights restored under Pennsylvania law, and thus he did not fall within the exclusion of 921(a)(20). Thus, his underlying state court conviction was a proper basis for the possession of a firearm charge under 18 U.S.C. § 922(g)(1).

Thereafter, Mr. Leuschen waived his right to a jury trial and following a bench trial on September 29, 2003, Douglas B. Leuschen was found guilty of one count of possession of firearms

by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 8, 2004, Mr. Leuschen was sentenced to 63 months' imprisonment. He timely filed an appeal from his conviction on January 16, 2004. The United States Court of Appeals for the Third Circuit affirmed the conviction and sentence in a published opinion dated January 21, 2005. <u>United States v. Leuschen</u>, 395 F.3d 155 (3d Cir. 2005). Mr. Leuschen then filed a writ of certiorari with the Supreme Court of the United States on April 4, 2005, which was denied on May 16, 2005. <u>Leuschen v. United States</u>, 544 U.S. 1041, 125 S.Ct. 2280 (2005).

### *Motion to Vacate*

On December 22, 2005, Mr. Leuschen filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate"), pursuant to 28 U.S.C. §2255 (Doc. 86) In response to a Miller Notice, Mr. Leuschen filed an Amended Motion to Vacate (Doc. 104), in which he sets forth the following claims:

> A. The federal government does not have jurisdiction to regulate firearms as the Second Amendment to the United States Constitution controls.
>
> B. Mr. Leuschen acted in a good faith belief on Pennsylvania's action (as "agent" of the federal government) of not taking away his right to possess firearms and of issuing a hunting license, migratory bird stamp, duck stamp, doe tags, and Bear License. Entrapment by Estoppel thus bars the federal government from prosecuting Mr. Leuschen.
>
> C. Sixth Amendment due process violation through denial of the right to defend against an element of the offense, namely, the predicate state conviction.
>
> D. Mr. Leuschen's right to bear arms was not disabled by his predicate state conviction, by stature, or by state imposed sentence.
>
> E. Sixth Amendment due process violation through the failure to establish the element of the offense that Mr. Leuschen "knowingly"violated the law.
>
> F. Double jeopardy violation "in a federal governments' authorized and sanctioned state action in determining sentence and penalty.".
>
> G. Violation of the Sixth Amendment right to effective assistance of counsel.
>
> H. Violation of the Sixth Amendment right "to confront, defend against, call witnesses, provide evidence and facts against allegations of facts, evidence, and testimony."

I. The statute, 18 U.S.C. 922(g) (as defined by 921(a)(20)), is ambiguous, vague, and lacks "fair warning" or notice of prohibited conduct. Under the rule of lenity petitioner's conviction violates due process in "notice and fair warning" and should be reversed. The statute is arbitrary, inconsistent, and encourages discriminatory application and enforcement.

J. Federal government is barred from prosecution based on the doctrine of "unclean hands" by failing to perform its duty to protect and remedy violations of the Constitution.

K. Sixth Amendment due process violation through sentencing under mandatory sentencing guidelines post-Booker.

L. Violation of citizen's and State's sovereignty under the Constitution by federal government's reinterpretation of state action.

M. Constitutional violations from prosecutorial misconduct of selective and vindictive prosecution arising out of vague, ambiguous statute that lacked notice and fair warning and in exceeding authority and jurisdiction, and by reinterpreting state action.

N. Fourth Amendment violation of Mr. Leuschen's right to be free from unlawful and unreasonable searches and seizures. The affidavit of probable cause "was based on alleged facts with reckless disregard for the truth" in that the federal government knew as "principal for the State and its actors as "agents" of the federal government that petitioner had been issued both state and federal hunting licenses.

(Motion to Vacate (Doc. 104).

### *Evidentiary Hearing*

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255.

## I. Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916. Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

## II. Discussion

### A. Dismissal of Claims Already Litigated

In several of Mr. Leuschen's claims he seeks to relitigate issues already raised and litigated in this Court. First, he seeks to relitigate the issue of whether the statute under which he was convicted is unconstitutional, or in other words, violates the Second Amendment. Mr. Leuschen raised this issue before this Court in a motion to dismiss. We denied the motion based on precedential Third Circuit Court case law and the Third Circuit Court affirmed our denial on appeal.

Next, as the basis for several of his claims is Mr. Leuschen's collateral attack on the validity of his prior state conviction. This issue too has already been litigated in this Court and affirmed on appeal. Couching one claim as a due process violation claiming that Mr. Leuschen was denied the right to defend himself as to the prior state conviction is unavailing. Mr. Leuschen was not denied the right to defend himself as to whether he had a prior state felony conviction that qualified as a

5

conviction prohibiting him from possessing firearms under section 922(g)(1). There is no doubt that Mr. Leuschen had such a conviction. As this Court and the Third Circuit Court explained, Mr. Leuschen's argument, after-the-fact, that the conviction never should have occurred because it was invalid, is irrelevant.

Finally, Mr. Leuschen argues in two ways that he retained the right to possess firearms under Pennsylvania law. In one formation he expresses this as his claim that Pennsylvania did not forbid him from possessing firearms either by sentence or statute. In another form he argues that Pennsylvania has shown that it permits Mr. Leuschen to possess firearms by issuing him both state and federal hunting licenses. Mr. Leuschen also couples each of these arguments with additional arguments that (i) he acted in a good faith belief that he was permitted to possess firearms based on Pennsylvania's conduct and/or failure to expressly forbid him to possess firearms, and (ii) any actions or inactions Pennsylvania can be attributed to the federal government since the state is an "agent" of the federal government.

These compound claims as presented by Mr. Leuschen in his 2255 petition were not previously presented to this Court, and to the extent necessary we address these larger claims below. However, the underlying necessary claim to all of these arguments is that Mr. Leuschen retained the right to possess firearms under Pennsylvania law and that claim was presented to this Court and litigated. The relevant consideration for Mr. Leuschen's indictment with regard to Pennsylvania's action was first whether Mr. Leuschen was convicted of a prior state felony conviction that qualified as a conviction prohibiting him from possessing firearms under section 922(g)(1), and second whether his civil rights had been restored. Again, he was convicted of a qualifying prior state felony, he had not had his civil rights restored, and therefore he was prohibited from possessing firearms, even if Pennsylvania issued him hunting licenses and even if there was no Pennsylvania law or no statement in his sentence that he was forbidden to possess firearms. We have already litigated this underlying claim and have determined that under the relevant federal law Mr. Leuschen was a person who was prohibited from possessing firearms.

6

All of the above arguments were previously raised and litigated in this Court. Mr. Leuschen is not entitled to re-litigate these issues in his section 2255 petition. Withrow v. Williams, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring) ("Prior opportunity to litigate an issue should be an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result.") We decline to address these arguments again, except insofar as indicated above and in the context of Mr. Leuschen's ineffectiveness claim.

### B. Procedural Bar

Mr. Leuschen is procedurally barred from raising several of his asserted claims. If a claim was not raised on direct appeal, such claims are defaulted and may not be raised in a section 2255 motion except under specific circumstances.

### 1. Several of Mr. Leuschen's Claims are Procedurally Barred

In his appeal, Mr. Leuschen argued the following three issues as set forth by the United States Court of Appeals for the Third Circuit:

> "He asserts that his 1989 conviction under Pennsylvania law, on which the Government relied in securing his conviction under § 922(g)(1), is invalid, because his counsel failed to recognize that the state law had been amended before his trial and afforded him an unassailable defense to the charge on which he was convicted. Thus, he contends that his state conviction cannot satisfy § 922(g)(1)'s predicate conviction requirement."
>
> "Leuschen also asserts that, with respect to his 1989 state conviction, he retained his rights under Pennsylvania law to vote and hold public office, in addition to the right to possess firearms. He argues that he therefore qualifies for the "restoration of civil rights" exception to § 922(g)(1)'s prohibition on firearm possession, provided by 18 U.S.C. § 921(a)(20)."
>
> "Lastly, Leuschen challenges § 922(g)(1)'s constitutionality under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3."

United States v. Leuschen, 395 F.3d 155, 156 (3d Cir. 2005).

The United States Court of Appeals for the Third Circuit denied his first claim collaterally attacking the validity of his prior conviction. The Court explained that "Section 922(g)(1)

prohibited Leuschen from possessing a firearm on account of his 1989 state conviction, irrespective of the validity of that conviction." Leuschen, 395 F.3d at 159.

The Court also denied his second claim that his civil rights had been restored, including his right to possess firearms. The Court stated:

> Because Leuschen cannot demonstrate that his core civil rights have been fully restored under Pennsylvania law, he cannot avail himself of § 921(a)(20)'s restoration of civil rights defense. Leuschen's rights under Pennsylvania law to possess firearms are therefore irrelevant.

Id. at 160.

Finally, the Court denied Mr. Leuschen's claim that the statute was unconstitutional, stating as follows:

> Leuschen acknowledges that Singletary is controlling, and admits that he has raised the issue of § 922(g)(1)'s constitutionality "for the sole purpose of preserving it for potential *en banc* or Supreme Court review." (Appellant Br. at 3.). This Court has previously declined the opportunity for *en banc* review of facial challenges to the constitutionality of § 922(g)(1). *See, e.g.*, United States v. Coward, 296 F.3d 176, 183 (3d Cir.2002); Singletary, 268 F.3d at 198 n. 1 & 204-05. There is no basis for changing course with Leuschen's case. Thus, we adhere to Singletary, and reject Leuschen's facial attack on § 922(g)(1)'s constitutionality.
> Furthermore, evidence that Leuschen's firearms were all manufactured outside Pennsylvania provides the requisite nexus to, and proof that the firearms traveled in, interstate commerce. *See, e.g.*, United States v. Shambry, 392 F.3d 631, 633 (3d Cir.2004); Singletary, 268 F.3d at 200 (discussing Scarborough v. United States, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)). Thus, Leuschen's claim that § 922(g)(1) was unconstitutionally applied to his case is without merit.

Id. at 161.

Several of Mr. Leuschen's claims he raises now could have been raised on direct review but were not; therefore they are procedurally barred. Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998). We find that the following issues are issues that Mr. Leuschen could have raised on direct appeal, but did not, and thus are procedurally barred:

- that Mr. Leuschen acted in a good faith belief on Pennsylvania's action (as "agent" of the federal government) of not taking away his right to possess firearms and of issuing state and federal hunting licenses and stamps and thus Entrapment by Estoppel bars the federal government from prosecuting Mr. Leuschen.

- Similar to the above argument, Mr. Leuschen's claim of a Fourth Amendment violation based on the affidavit of probable cause being "based on alleged facts with reckless disregard for the truth" in that the federal government knew as "principal

8

for the State and its actors as "agents" of the federal government that petitioner had been issued both state and federal hunting licenses.

• Mr. Leuschen's claims of a violation of his protection against double jeopardy.

• Mr. Leuschen's claim of a Sixth Amendment due process violation through failure to establish an element of the offense.

• Mr. Leuschen's claim of a Sixth Amendment violation of the right "to confront, defend against, call witnesses, provide evidence and facts against allegations of facts, evidence, and testimony."

• Mr. Leuschen's claims that 18 U.S.C. 922(g) is ambiguous, vague, and lacks "fair warning" or notice of prohibited conduct; that the statute is arbitrary, inconsistent, and encourages discriminatory application and enforcement; and Constitutional violations from prosecutorial misconduct of selective and vindictive prosecution arising out of a vague and ambiguous statute that lacked notice and fair warning and in exceeding authority and jurisdiction, and by reinterpreting state action.

• Mr. Leuschen's "unclean hands" claim.

• Mr. Leuschen's Booker claim.

• Mr. Leuschen's claim of a sovereignty violation by federal government reinterpretation of state action.

All of the above listed claims were available to Mr. Leuschen on appeal but he did not raise them. Thus, these claims are procedurally barred and must be dismissed unless Mr. Leuschen can show cause and prejudice, or actual innocence.

### 2. Cause and Prejudice

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 & 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); and Smith v. Murray, 477 U.S. 527, 537 (1986); see also United States v. Frady, 456 U.S. 152, 167-68 (1982)).

To show cause, the petitioner "must establish that 'some external impediment' prevented him from raising the claim." Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir. 1992 ) (quoting McClesky v. Zant, 499 U.S. 467 (1991); see also Frady, 456 U.S. at 170). "Prejudice exists where

9

'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991); Murray v. Carrier, 466 U.S. 478, 494 (1986); see also Frady, 456 U.S. at 170.

"Actual innocence" is concerned, with actual, as opposed to legal, innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998). "To establish actual innocence, petitioner must demonstrate that, ' "in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)).

Mr. Leuschen does not make any valid claims that he was actually innocent. Instead, his claims that he was "actually innocent" are legal arguments. For example, he claims that there was an error in the prior state felony conviction, that the Pennsylvania law can be viewed as not prohibiting his possession of firearms, that the statute is unconstitutional, or that he had valid reasons to believe that he was permitted to possess firearms. Mr. Leuschen does not assert that he did not have a qualifying prior state felony conviction, that he possessed the firearms, or that he knew that he possessed the firearms. He does argue that the government failed to prove the element that he "knowingly" possessed the firearms since he maintains that he did not know he was prohibited from possessing firearms and instead had reasons to believe that he was allowed to possess firearms. Again this is a legal argument not based on his factual innocence, as he does admit that he did actually possess the firearms. Mr. Leuschen's factual guilt has been established. He has no serious argument to rebut the evidence that he was a felon in possession of firearms.

The only grounds for cause for his procedural default argued by Mr. Leuschen is ineffective assistance of counsel. Ineffective assistance of counsel claims are properly brought for the first time via collateral attack in a 28 U.S.C. §2255 Motion. United States v. Thornton, 327 F.3d 268, 271-72 (3d Cir. 2003). We address Mr. Leuschen's claims of ineffectiveness of counsel next.

### C. Ineffective Assistance of Counsel

Mr. Leuschen claims that his counsel was ineffective for a number of reasons, among them are the failure to raise lack of jurisdiction argument based on Second Amendment and Constitutional expatriation issues; failure to present entrapment-by-estoppel argument and related "fair warning" and "lack of notice" and State as "agent" of the federal government arguments; failure to develop and properly present arguments related to prior state conviction, resulting in violation of right to confront, challenge, defend, call witnesses, produce evidence, and make proper argument; failure to present the argument that his right to possess and bear firearms and his right to vote in Petit Jury were not taken away and could not be taken away; refusal to present argument that *mens rea* culpability element of statute requires a "knowing" violation of the statute, which was not proven by government, and failure to argue against government's reinterpretation of this element of the statute; failure to present double jeopardy issue; failure to present "unclean hands" argument; failure to argue Sixth Amendment due process violations; failure to present separation of powers and sovereignty arguments; failure to raise prosecutorial misconduct; and failure to properly present and argue Fourth Amendment violation. In general, Mr. Leuschen claims that this counsel was ineffective as follows:

> Counsel refused to listen to explore, investigate, research, prepare, plan, call witnesses, present, argue or preserve defense issues and badgered, harassed, and obstructed presentation of defense issues by telling him he was guilty, he had no rights, there is no law, his case was a "slam dunk" conviction.

(Amended Motion to Vacate, at 14.)

### 1. Applicable Law

"A claim of ineffective assistance requires a defendant to establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993); Strickland v. Washington, 466 U.S. 668, 687-688 (1984), cert. denied, 510 U.S. 1028 (1993). "To establish prejudice, a defendant must demonstrate that there is a 'reasonable probability that but for

11

counsel's unprofessional errors, the result of the proceeding would have been different.'" Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000) (quoting Strickland, 466 U.S. at 694).

In assessing the first prong, the Supreme Court has instructed that "[t]he proper measure of attorney performance" is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. This is an objective standard, and must be "viewed to the extent possible without 'the distorting effects of hindsight.'" Duncan v. Morton, 256 F.3d 189, 200 (3d Cir. 2001) (quoting Strickland, 466 U.S. at 688-90). In addition, a "reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" McAleese, 1 F.3d at 175 (quoting Strickland, 466 U.S. at 692).

Addressing the second part of the Strickland analysis, the prejudice prong, the Supreme Court has explained that a "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id. at 694. In making the prejudice determination, the court must consider the totality of the evidence. Id. at 695.

A claim of ineffective assistance must identify the specific errors counsel has made. Conclusory allegations are not sufficient to support a petition under Section 2255. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

### 2. Analysis of Ineffectiveness Claims

Initially we note that counsel is not ineffective simply for failing to raise an issue on appeal, provided that the representation was reasonable professional conduct. Jones v. Barnes, 463 U.S. 745, 754 (1983). There is no evidence before us to indicate that appellate counsel's conduct in this case was in any way constitutionally deficient. Given the record evidence in this case there was virtually no chance of success on any of the issues Mr. Leuschen complains of in his petition on appeal. Thus, we find that counsel was not ineffective for failing to pursue issues on appeal.

As to trial counsel, we need only credit Mr. Leuschen's nonfrivolous factual claims in support of his ineffectiveness claims. Day, 969 F.2d at 41-42. Here, we find that virtually all of Mr. Leuschen's ineffectiveness claims are frivolous claims that we need not credit.

As already noted, counsel in fact did raise several of the arguments on behalf of Mr. Leuschen, but Mr. Leuschen argues that the presentation was either poorly presented or not fully presented. In fact, many of the claims Mr. Leuschen asserts now were raised or attempted to be raised before this Court, however we prevented defense counsel from presenting certain testimony, evidence, and arguments since such testimony, evidence, and arguments were irrelevant to the issue of whether Mr. Leuschen was guilty of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Mr. Leuschen sets forth no evidence to support his claims with regard to claims relating to the Second Amendment, entrapment-by-estoppel, "fair warning" and "lack of notice", State as "agent" of the federal government, "knowingly" element of the statute, double jeopardy, "unclean hands," separation of powers and sovereignty, prosecutorial misconduct, and the Fourth Amendment. These claims are not only vague and conclusory, but also plainly frivolous. Likewise, Mr. Leuschen sets forth no evidence to support his claims that counsel was ineffective with regard to the above claims.

With respect to his Entrapment by Estoppel argument and his claim of having been issued state and federal hunting licenses, we note that this issue is not really pertinent in that even if Mr. Leuschen was able to successfully have hunting licenses issued, that says nothing about the fact that he was a convicted felon who was forbidden from possessing firearms.

We understand that Mr. Leuschen's argument is that it is unfair that he was issued hunting licences that naturally implied that he would be possessing firearms if he really was prohibited from possessing firearms. Thus, he argues that he was "entrapped" since he should have been unable to obtain the licenses, and he implies (but does not argue) that if had known he was forbidden from possessing firearms he would not have sought the hunting licenses nor would he have possessed firearms. He does not argue this because from the beginning Mr. Leuschen has always believed he had the unfettered right to possess firearms. Instead he argues that since Pennsylvania did not forbid his possession of firearms, and because Pennsylvania issued him hunting licences, the federal government was estopped from complaining about his possession of

13

firearms. He argues that the federal government missed its chance to stop him and instead led Mr. Leuschen to believe that he was acting lawfully. In the absence of any supporting evidence showing a true entrapment, however, the beginning and end of this story is that Mr. Leuschen was prohibited by federal law from possessing firearms, regardless of his ability to successfully obtain hunting licences, and he in fact unlawfully possessed firearms.

To the extent that we did not isolate and name each single instance of claimed ineffectiveness it is because such claims have already been shown to be without merit or that such claims are frivolous.

Accordingly, we find that his counsel was not ineffective.

### D. Booker Claim

Mr. Leuschen also claims that his sentence was imposed in violation of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The United States Court of Appeals for the Third Circuit has determined that Booker challenges are not applicable to collateral review claims like Mr. Leuschen's. United States v. Davis, 407 F.3d 162 (3d Cir. 2005). In Davis, which is inapplicable to Mr. Leuschen, the Court held that "defendants sentenced under the previously mandatory sentencing regime whose sentences are being challenged on direct appeal may be able to demonstrate plain error and prejudice." Davis, 407 F.3d at 165. Mr. Leuschen did not challenge his sentence on appeal. In addition, Mr. Leuschen did not challenge the guideline calculations in the Presentence Investigation Report, agreeing that the proper imprisonment range was 51 to 63 months. We denied the government's motion for an upward departure to a range of 63 to 78 months, and imposed a sentence of 63 months, the upper end of the guideline range. At sentencing there were no facts for the Court to determine. In light of this, Mr. Leuschen has waived his right to challenge his sentence. If we were to re-sentence Mr. Leuschen under the present post-Booker circumstances relying on the guideline range of 51 to 63 months as advisory only, we would impose the same sentence of 63 months. Accordingly, Mr. Leuschen's Booker claim will be dismissed.

To the extent that we did not specifically address each and every possible claim asserted by Mr. Leuschen in his motion to vacate, it is because the claims not mentioned are at best vague, conclusory, and not supported by evidence, and we find that said claims are frivolous.

### E. Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Mr. Leuschen's motion to vacate. In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. Here, we find that jurists of reason would not find it debatable whether Mr. Leuschen states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in our procedural ruling that his motion was procedurally barred. We also conclude that Mr. Leuschen has failed to show a substantial denial of a constitutional right. Accordingly, a certificate of appealability will not be issued with respect to Petitioner's motion to vacate.

### III. Conclusion

Mr. Leuschen's section 2255 motion will be denied, and a certificate of appealability will not be issued.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this **29th** day of January, 2007, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 104), be and hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's instant Order denying Mr. Leuschen's § 2255 Motion because, for the reasons set forth in the Opinion accompanying this Order which addresses his § 2255 Motion, Mr. Leuschen has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). <u>See also</u> Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Douglas B. Leuschen
No. 07475-068
F.C.I. McKean
P.O. Box 8000
Bradford, PA 1670

Assistant United States Attorney
(by electronic mail)